```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 RODOLFO ARAGON,

                   Plaintiff,              MEMORANDUM & ORDER
                                           22-CV-3368(EK)(MMH)
            -against-


 J. WALSH and THE PEOPLE OF THE STATE OF
 NEW YORK,

                   Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

The Court has received Magistrate Judge Henry's *sua sponte* Report and Recommendation ("R&R") dated November 29, 2022. *See* Docket Order dated Nov. 29, 2022. Judge Henry recommends that I dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Plaintiff objected, asking that the Court grant him additional time to submit a "renewal complaint" and effectuate service of new summonses and that complaint. Pl. Obj. 2, *Aragon v. Perez*, No. 16-CV-6982, ECF No. 10.[1]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1] In his objection, Plaintiff erroneously identified the case number as No. 16-CV-6982, a closed matter in which he had filed a habeas petition. Accordingly, the objection was docketed in that case. The Clerk of Court is respectfully directed to refile Plaintiff's objection in this case.

magistrate judge." 28 U.S.C. § 636(b)(1). The district court reviews *de novo* those portions of an R&R to which a party has specifically objected. *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R & R that the objector asserts are erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014).

Having conducted a *de novo* review, I adopt the R&R in its entirety. In his objection, Aragon provides no explanation for his nonresponse to Judge Henry's September 15, 2022 and October 27, 2022 orders to show cause why the case should not be dismissed for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m). Indeed, the sole document filed by Plaintiff in this case as of the date of the R&R was the June 8, 2022 complaint. After Judge Henry recommended dismissal, Aragon wrote that the non-service was due to "the changing of 'adverse parties' in continuance of the conspiracy and deprivation of Plaintiff's Constitutional Rights." Pl. Obj. 2. Such a statement, however, does not explain why he failed to serve the parties already named as defendants in this case. Considering the relevant factors set out in *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014), the Court likewise concludes that dismissal for failure to prosecute is appropriate here.

2

Accordingly, the case is dismissed for failure to prosecute. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

                                       /s/ Eric Komitee
                                       ERIC KOMITEE
                                       United States District Judge

Dated:    June 29, 2023
           Brooklyn, New York